UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20089-CR-SEITZ

UNITED STATES OF AMERICA

v.

CECIL DELOACH,

        Defendant.
_____/

## ORDER ON ADMISSIBILITY OF GOVERNMENT EVIDENCE

THIS MATTER came before the Court for hearing on May 2, 2008, on the Government's Motion in Support of 404(b) Notice [DE-39]. The Court having considered the Motion, the parties' arguments, and being otherwise fully advised, it is

ORDERED that "computer equipment" discovered in Defendant's house is admissible. Computer equipment includes but is not limited to computers, computer hard drives, printers, scanners, check stock paper, check printing software, and packaging for check printing software. Evidence of criminal activity other than the charged conduct is not considered extrinsic within the proscription of Rule 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime at trial. See United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983). It is further

ORDERED that the paychecks payable to persons other than Defendant found in Defendant's house are admissible. It is further

ORDERED that the digital images of scanned checks found on Defendant's computers are admissible. It is further

ORDERED that digital images of check templates found on Defendant's computers and which bear payors or payees in common with the checks comprising the charged conduct are admissible. It is further

ORDERED that digital images of check templates found on Defendant's computers which bear neither payors nor payees in common with the checks comprising the charged conduct are inadmissible for purposes of the government's case-in-chief.

DONE AND ORDERED in Miami, Florida, this 23rd day of May, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record